This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**DAWN OLSTAD, deceased, ROB OLSTAD,
RUSSELL ALLEN, and TRACEY ALLEN,**

Plaintiffs-Appellees,

**v.**                                                            **No. 34,467**

**EDWARD HOPKINS,**

Defendant-Appellant,

**and**

**FRANKIE J. WILLEFORD as Trustee of the
RAYMOND E. WILLEFORD AND FRANKIE
J. WILLEFORD TRUST, and THE WILLEFORD
TRUST,**

Defendants.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY
Sandra A. Price, District Judge**

F. Chester Miller III
Farmington, NM

for Appellee Tracey Allen

Edward Hopkins
Kenai, AK

Appellant Pro Se

**MEMORANDUM OPINION**

**SUTIN, Judge.**

{1}     Defendant-Appellant Edward Hopkins (Appellant) appeals a judgment entered against him following a bench trial. We issued a notice of proposed summary disposition proposing to affirm, and Appellant has responded with a memorandum in opposition. We have carefully considered the arguments raised in Appellant's memorandum but remain convinced that affirmance is appropriate in this case. Therefore, for the reasons discussed in this Opinion and in our notice, we affirm.

{2}     In the notice we addressed the issue of punitive damages first, and we set out the evidence that we believe supports the district court's award of punitive damages. We also pointed out that the decision to award punitive damages lies within the sound discretion of the district court and stated that we would not reverse that decision unless it could be shown to be contrary to logic and reason. *Peters Corp. v. N.M. Banquest Investors Corp.*, 2008-NMSC-039, ¶ 43, 144 N.M. 434, 188 P.3d 1185. In response, Appellant challenges a number of the factual assertions made in the notice and presents facts that are favorable to his position. [MIO 1-2] He also maintains that the tape log is not completely accurate and asks us to listen to the audio recording; however, he does not specify more than one or two points upon which the tape log is

allegedly inaccurate. [Id.] Finally, Appellant challenges the testimony provided by Plaintiffs' surveyor, claiming that the surveyor did not follow standards applicable to surveyors in New Mexico. [MIO 3] All of Appellant's arguments are an attempt to have this Court re-weigh the evidence on appeal, something we will not do. Instead, we look at the evidence in the light most favorable to the district court's decision, drawing all inferences in favor of that decision. *See Jones v. Schoellkopf*, 2005-NMCA-124, ¶ 8, 138 N.M. 477, 122 P.3d 844. Unfortunately for Appellant, he was required to convince the district court that his version of the events was correct, but he failed to do so. Now, on appeal, viewing the evidence most favorably toward the district court's decision, we cannot say that the district court's award of punitive damages was contrary to logic and reason, and we therefore must affirm that award.

{3}     The same result occurs with regard to the second issue discussed in our notice. As we noted earlier, Appellant challenges the testimony provided by Plaintiffs' surveyor, concerning the lack of an ownership gap between his property and Plaintiffs' property. [MIO 2-3] He claims Plaintiffs' surveyor did not follow required guidelines when he surveyed the property lines. This is simply an attempt to have this Court compare the testimony provided by Plaintiffs' surveyor and Appellant's surveyor and to overrule the district court's decision to give more credit to the testimony of Plaintiffs' surveyor. Again, this is not something we will do on appeal;

the district court was present at the trial and heard the testimony provided by the surveyors and ultimately decided that Plaintiffs' surveyor had performed a more accurate survey than the one performed by Appellant's surveyor. We are required to credit the district court's decision on this point. *See id.*

{4}     As for Appellant's request that we listen to the complete audio tapes of the trial, we will not do so on the summary calendar. In response to our notice of proposed summary disposition, Appellant was "required to come forward and specifically point out errors in fact and/or law" upon which the notice relied. *State v. Ibarra*, 1993-NMCA-040, ¶ 11, 116 N.M. 486, 864 P.2d 302. Asking this Court to review all of the proceedings below does not meet this requirement. And, as discussed earlier, Appellant's arguments in his memorandum in opposition consist mainly of attempts to have this Court credit his version of events rather than the version accepted by the district court; these arguments are not a basis for reversal.

{5}     Based on the foregoing as well as the discussion contained in the notice of proposed disposition, we affirm the district court's decision in this case.

{6}     **IT IS SO ORDERED.**

_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____

4

**LINDA M. VANZI, Judge**

_____

**M. MONICA ZAMORA, Judge**